NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>BURNS AND ROE ENTERPRISES, INC.,<br>et al.,<br><br>              Debtors. | Civil Action No. 08-4191 (GEB)<br><br>**MEMORANDUM OPINION** |

**BROWN, Chief Judge**

      This matter comes before the Court upon a Motion to Withdraw the Reference of Debtors Burns and Roe Enterprises, Inc. and Burns and Roe Construction Group, Inc. (collectively hereinafter referred to as "Debtors"). The Court has reviewed the parties' submissions and heard oral argument in support of the motion from the Debtors and opposition to the motion from the Debtor's Insurers, the Fireman's Fund Insurance Company and TIG Insurance Company ("Insurers"). For the reasons that follow, the Court grants Debtors' Motion to Withdraw the Reference in part, for the purposes of the confirmation hearing, and the Bankruptcy Judge who is presiding over the remaining parts of the case will sit with the District Court at the confirmation hearing due to the Bankruptcy Judge's prior experience and knowledge of this matter.

**I.    BACKGROUND**

      Debtors, which provide engineering and construction services, filed a petition for relief on December 4, 2000, under Chapter 11 of Title 11 of the United States Code ("the Bankruptcy Code")

due to a high number of asbestos-related personal injury suits filed against them.  The bankruptcies of Debtors have been jointly administered due to their joint issues relating to the asbestos litigation. They continue to operate their businesses pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

## II.   DISCUSSION

The Court has jurisdiction to consider Debtors' motion pursuant to 28 U.S.C. § 1334, as this matter is a core proceeding as understood from 28 U.S.C. § 157(b).  To this end, "the district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown," with "cause" often defined as that which would promote judicial economy.  28 U.S.C. § 157(d); In re Pruitt, 910 F.2d 1160, 1168 (3d Cir.1990) (citing Holland America Ins. Co. v. Succession of Roy, 777 F.2d 992, 999 (5th Cir. 1985)). Section 524(g) of the Bankruptcy Code addresses the procedure by which a debtor can obtain an injunction against current and future asbestos claims, whereby the debtor funds a trust that will address the debtor's liabilities arising from these claims.  See 11 U.S.C. § 524(g).  Specifically, the injunction is "valid and enforceable and may not be revoked or modified" so long as "the order confirming the plan of reorganization was issued or affirmed by the district court that has jurisdiction over the reorganization case."  11 U.S.C. § 524(g)(3)(A)(I).

Here, in the interest of judicial economy and as stated on the record on this date, the Court will withdraw the reference in part, pursuant to 11 U.S.C. § 157(d), namely in respect to the confirmation hearing.  The Court has determined that such a withdrawal will promote the efficient administration of the matter, and it will also call on the assigned Bankruptcy Judge to sit with the

Court at the confirmation hearing. Although Insurers argue that such assistance would amount to "shared jurisdiction", a phrase coined for purpose of their opposition, Insurers have provided no authority to support their argument. Further, Debtors have not pointed to any authority that it would be inappropriate for this Court to benefit from the Bankruptcy Judge's experience and knowledge at this action. In considering the language of the cited statutes, the Court finds that the statute contemplates the District Court's withdrawal of the reference in whole or in part, and therefore, the Court rejects the Insurer's argument that the proceeding would amount to "shared jurisdiction." Unless otherwise re-referred at a later date, and so as to alleviate the concerns voiced by Insurers at today's hearing, the Court holds that the ultimate decisions that will necessarily be required at the confirmation hearing will be those of this Court and will not be "shared" with the Bankruptcy Judge.

### III. CONCLUSION

For the foregoing reasons, the Court grants Debtors' Motion to Withdraw the Reference. An appropriate form of Order accompanies this Opinion.

Dated: September 15, 2008

                                                       s/ Garrett E. Brown, Jr.
                                                       GARRETT E. BROWN, JR., U.S.D.J.