<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>BURNS AND ROE ENTERPRISES, INC.,<br>et al.,<br><br>             Debtors. | Civil Action No. 08-4191 (GEB)<br>Bankr. Case Nos.00-41610 and<br>05-47946(RG)<br>(Jointly Administered)<br><br>**MEMORANDUM OPINION** |

**<u>BROWN, Chief Judge</u>**

      This matter comes before the Court upon the Motion of Fireman's Fund Insurance Company ("FFIC") and The American Insurance Company (collectively, the "Movants") for entry of an Order modifying and/or clarifying the Court's February 2009 Confirmation Order (the "Confirmation Order") pursuant to Federal Rule of Civil Procedure 59(e). The Court, having considered the filed briefs and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons set forth in this Memorandum Opinion, will deny the Movants' motion.

**I.    BACKGROUND**

      As the facts of this case have been discussed at length in this Court's February 23, 2009 opinion (the "Confirmation Opinion"), the Court will give only a brief description of the procedural posture of the case. On December 4, 2000 (the "Petition Date") Burns and Roe Enterprises, Inc. ("BREI") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Burns and Roe Construction Group, Inc., ("BRCGI") filed a voluntary

1

Chapter 11 petition on October 12, 2005. The cases were administratively consolidated by Order of the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") dated November 7, 2005. Since their respective bankruptcy filings, BREI and BRCGI have continued to operate their businesses and manage their assets as debtors-in-possession pursuant to § 1107(a) and § 1108 of the Bankruptcy Code.

Prior to the bankruptcy filings, there were more than 12,000 asbestos-related personal injury actions filed against Debtors. On the Petition Date, BREI filed an Adversary Proceeding in its Chapter 11 case against its primary, umbrella and excess insurance carriers, as well as carriers that had issued certain wrap-up policies. The Adversary Proceeding, *Burns & Roe Enterprises, Inc. v. Continental Casualty Co. et al*, 00-3755 (RG), seeks a declaration of BREI's rights to insurance coverage for asbestos claims.

On December 20, 2000, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") which is compromised of Asbestos Personal Injury Claimants pursuant to 11 U.S.C. § 1102(a)(1). On March 19, 2002, the Bankruptcy Court entered an Order appointing Anthony R. Calascibetta as the Legal Representative of Future Asbestos Claimants in the BREI Chapter 11 case. On November 7, 2005, the Bankruptcy Court entered an Order appointing Mr. Calascibetta as the Legal Representative in the BRCGI case. Debtors filed their Fourth Amended Plan of Reorganization (the "Plan") on June 9, 2008. By Order dated September 15, 2008, on motion of the Debtors, with the support of the Committee and the Legal Representative, this Court withdrew the reference in these cases with respect to the Confirmation Hearing.

The American Insurance Company, issued a primary, wrap-up insurance policy in connection

with an electric generating plant known as the Cross Generating Power Station located in South Carolina (the "Cross Station"). FFIC issued three excess, wrap up insurance policies in connection with the Cross Station.

FFIC filed certain objections to confirmation of the Debtors' Fourth Amended Plan, which are fully described in the Confirmation Opinion. A confirmation hearing was held on November 13, 2008 (the "Confirmation Hearing"). Following the Confirmation Hearing, by letter dated February 4, 2009, Debtors proposed a modification to the Plan, pursuant to which, Debtors' Rights under the FFIC Policies would not be assigned to the Trust, but rather will vest in the Reorganized Debtors following the Plan's 'Effective Date.' A full description of Debtors' submissions and FFIC's responses is found in the Confirmation Opinion.

On February 23, 2009, this Court entered the Confirmation Opinion and Confirmation Order, confirming the Debtors' Fourth Amended Plan. The Confirmation Opinion provided that FFIC lacked standing to object to confirmation since:

> As a result of the Debtors' modification to the Plan, the Debtors' interests in the FFIC Policies are not being transferred to the Trust. Rather, on the Effective Date, the Debtors' rights in the FFIC Policies will vest in the Reorganized Debtors pursuant to Section 10.1 of the Plan and 11 U.S.C. §§ 1123(a)(5)(A) and 1141(b). As a result, the Debtors' coverage under the FFIC Policies will remain in place, unaffected by the Plan. Any claims that are asserted for which the FFIC Policies provide coverage will be subject to the same contractual rights and obligations as existed prior to the commencement of the Debtors' Chapter 11 cases. FFIC will not be prejudiced by confirmation since it will be placed back into the identical position existing prior to the commencement of the Debtors' Chapter 11 cases. While FFIC has argued that "these most recent modifications do not alleviate the possibility FFIC will be compelled to provide coverage under the FFIC Policies, even if Debtors are relieved of their corresponding contractual obligations through the discharge and injunction provisions in the Fourth Amended Plan,

3

> from which FFIC is not adequately excluded," FFIC retains the right to argue that the Debtors breached the terms of the FFIC Policies. *See In re Mid-Valley, Inc*., et al., 305 B.R. 425, 431 (Bankr. W.D. Pa. 2004).

(Confirmation Opinion at 49.)

On March 5, 2009, Movants timely filed the instant Motion for Modification and/or Clarification of the Confirmation Order.

## II.     DISCUSSION

Movants assert that "[a]bsent clarification and/or modification of the Confirmation Order, there is a substantial risk that another court will conclude that confirmation of the Fourth Amended Plan relieved Reorganized Debtors of their corresponding contractual obligations under the FFIC Policies – a result that would be clearly at odds with this Court's express intent." (Mem. of Law of Fireman's Fund Insurance Company, et. al. in Supp. of Mot. for Modification and/or Clarification of Confirmation Order (the "Motion") at 14.)  Movants propose certain modifications to the Confirmation Order which they claim are necessary to prevent a manifest injustice.

First**,** Movants allege that the Confirmation Order "does not expressly provide that the FFIC Policies, together with all contractual rights and corresponding obligations, will vest unmodified in the Reorganized Debtors on the Effective Date." (Motion at 2.)  Movants propose amending Section VIII of the Confirmation Order to provide that:

> Any interests or Insurance Rights that Debtors' may have in the FFIC Policies will not be transferred to the Trust.  Rather, on the Effective Date, notwithstanding any provision in the Confirmation Order, Fourth Amended Plan or any related document to the contrary, any interest Debtors claim to have in the FFIC Policies, along with their corresponding contractual obligations under the FFIC Policies, will

>vest unmodified in the Reorganized Debtors pursuant to 11 U.S.C. §§1123(a)(5) and 1141.

(*Id*. at 15-16.)

Second, Movants contend that the Confirmation Order does not include "language that would effectuate the Court's conclusion that confirmation will not adversely affect FFIC." (Motion at 2.) Movants propose the insertion of the following "insurance neutrality" language in the Confirmation Order:

>Notwithstanding any other terms or provisions in the Plan, this Confirmation Order or any related document to the contrary, this Confirmation Order: (i) is without prejudice to the rights, remedies, claims, exclusions, limitations and/or defenses of FFIC, The American Insurance Company and/or any other of their related insurance companies (collectively, "FFIC") under any insurance policies issued by FFIC that may provide coverage for Debtors and/or under any agreements relating to such insurance policies (collectively, the "FFIC Policies") and/or any of the reservation of rights by FFIC as to any issues relating to the FFIC Policies; (ii) confirms that all of the terms, provisions, conditions, limitations and/or exclusions contained in the FFIC Policies shall remain in full force and effect; (iii) confirms that the Named Insured and any entity or person who qualifies as an Additional Insured or Insured under the FFIC Policies shall remain bound by all of the terms, provisions conditions, limitations and/or exclusions contained in the FFIC Policies; (iv) confirms that nothing in the Plan, this Confirmation Order or any related document shall be deemed to create any insurance coverage that does not otherwise exist, if at all, under the terms of the FFIC Policies, or create any direct right of action against FFIC or otherwise constitute a judicial determination that the FFIC Policies provide insurance coverage to the Debtors and/or Reorganized Debtors; (v) confirms that Confirmation is without prejudice to any of FFIC's rights, claims and/or defenses in any subsequent litigation in any appropriate forum in which FFIC may seek a declaration regarding the nature and/or extent of any insurance coverage under the FFIC Policies; (vi) confirms that Debtors and/or Reorganized Debtors shall satisfy all continuing duties and obligations of the insureds under the FFIC Policies; and (vii) confirms that nothing in the Plan, this Confirmation Order or any related document shall be construed as a

> judicial determination that either the FFIC Policies cover or otherwise apply to any Claims or that any Claims are eligible for payment under any of the FFIC Policies.

(*Id*. at 16-17.)

Third, Movants contend that "the discharge injunction provisions in the Confirmation Order appear to expressly enjoin FFIC from either seeking to enforce Reorganized Debtors' contractual obligations or to commence a subsequent declaratory judgement action to determine whether coverage exists under the FFIC Policies" and "also appear to enjoin FFIC from seeking to enforce contribution claims against third parties." *(Id*. at 11.)

Movants posit that under Section VI.A of the Confirmation Order, "absent the requested modifications to the Confirmation Order, Reorganized Debtors can conceivably rely on the express language of the Confirmation Order for the proposition that they have been discharged of the remaining obligations under the FFIC Policies – while FFIC would remain obligated to continue to perform its contractual obligations." (*Id.* at 10.)

Movants propose amending the Confirmation Order to provide that the discharge and injunction provisions of the Fourth Amended Plan do not apply to FFIC or the FFIC Policies by including the following language:

> Notwithstanding anything to the contrary in the Fourth Amended Plan or in this Order, the discharge and injunction provisions included in the Fourth Amended Plan and as set forth in this Order (i) shall not discharge Debtors or Reorganized Debtors from any of their obligations under the FFIC Policies, (ii) shall not enjoin FFIC from commencing any action against Debtors or Reorganized Debtors either with respect to the rights and obligations of Debtors or Reorganize Debtors and FFIC under the FFIC Policies or otherwise with respect to whether any coverage for claims exists in connection with the FFIC Policies, and (iii) shall not enjoin FFIC from commencing any action against any party other than the Debtors or

>>Reorganized Debtors for contribution in connection with any alleged coverage obligations under the FFIC Policies.

(*Id*. at 19.)

Fourth, Movants assert that the statement in the Confirmation Opinion that "Debtors' coverage under the FFIC Policies will remain in place, unaffected by the Plan" requires clarification. (*Id.* at 19.) Movants propose including the following language in the Confirmation Order:

>>The Court has not considered and has not determined any issue of fact or law in connection with any alleged obligations of FFIC under the FFIC Policies, and nothing contained in this Order or in the Opinion of the Court entered on February 23, 2009 [District Court Docket Item No. 36] is intended to be in the nature of, nor shall it be construed as, determining any issues of fact or law in connection with any alleged obligations of FFIC under the FFIC Policies.

(*Id*. at 20.)

Fifth, Movants seek clarification of Section VIII. of the Confirmation Order which currently provides that:

>>Based upon the record of these Reorganization Cases, the Court hereby determines that all of the objections to Confirmation, whether informal or filed (the "Objections"), to the extent not satisfied by the Modifications or by separate agreement, have been consensually resolved or otherwise voluntarily withdrawn except for the objection filed by Fireman's Fund Insurance Company, which objection is hereby overruled.

Movants assert that such clarification is necessary to determine "whether the Court considered FFIC's Confirmation Objections on the merits and overruled such objections or, instead, made a threshold determination that FFIC lacked standing and therefore did not consider the merits of those objections." (*Id.* at 21.)

Debtors filed a brief in response on March 23, 2009. The Debtors' brief alleges that FFIC lacks standing to request modification of the Confirmation Order. (See Debtors' Br. in Resp. to the

Mot. (the "Response") at 1).

Debtors argue that "FFIC fails to identify a single provision of the Confirmation Order that it contends constitutes a clear error of law or that will result in a manifest injustice" and therefore fails to demonstrate entitlement to relief under Federal Rule of Civil Procedure 59(e). (*Id.* at 1.) Debtors contend that the "modifications to the Plan set forth in paragraphs B. 5, 6 and 7 of the Confirmation Order clearly provide that the Debtors' rights in the FFIC Policies are not being assigned to the Trust." (*Id.* at 2.) Debtors assert that "[n]othing in the Confirmation Order even remotely suggests that FFIC is required to provide coverage to the Debtors if applicable non-bankruptcy law would excuse it from doing so." (*Id.*)

Debtors reject FFIC's proposed modifications as "unnecessary," and assert that the "suggested language would provide FFIC with greater rights that it had prior to the commencement of the Chapter 11 cases and/or jeopardize the Debtors' settlements with its other insurance carriers." (*Id.* at 3.)

Movants filed a reply memorandum on March 30, 2009. Movants argue that "courts have consistently recognized that a party to a legal proceeding has standing to file a motion under Federal Rules of Civil Procedure 59(e) to seek reconsideration of an order entered in that proceeding." ((Reply Mem. of the Movants in Further Supp. of the Mot.(the "Reply") at 1) (citing *United States v. Manville Sales Corp.*, 2005 WL 526695 (N.D. Ill. 2005); *United States v. Westwind Group, Inc.*, 417 F.Supp. 2d. 1246, 1248 (N.D. Ala. 2006); *In re SRC Holding Corp.*, 2007 WL 1464385, n.5 (D. Minn. 2007)).

Movants contend that "unless the Confirmation Order is modified, FFIC faces a substantial risk that a court in subsequent litigation will conclude that confirmation of the Fourth Amended Plan

8

impaired FFIC's contractual rights and relieved Reorganized Debtors of their corresponding contractual obligations under the FFIC Policies." (*Id*. at 3.)

Movants submit that the "proposed modifications are necessary to eliminate the 'manifest injustice' that would result if the Confirmation Order were interpreted in a manner that is inconsistent with the Confirmation Opinion." (*Id*. at 4.)

### A.     Standard of Review

The standard for reconsideration is high, and reconsideration is to be granted only sparingly. *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994) (citing *Maldonado* v. *Lucca*, 636 F.Supp. 621, 630 (D.N.J. 1986)). The Movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. *United Sates v. Compaction Sys. Corp.*, 88 F. Supp.2d 339, 345 (D.N.J. 1999). "The operative word in the rule is 'overlooked'." *Id*. Reconsideration is not available for a party seeking merely to reargue matters already addressed by the Court. *See G-69 v. Degnan, 748 F. Supp*. 274, 275 (D.N.J. 1990). Further, "[a] rule 59(e) motion is not to be used as a vehicle to advance additional arguments that a party could have made before judgement but neglected to do so." *Mobil Oil Corp. v. Amoco Chem. Corp.*, 915 F. Supp. 1333, 1377 (D. Del. 1995) (citing *Dodge v. Susquehanna Univ.*, 796 F. Supp. 829, 830 (M.D. Pa.1992)).

**B.     Analysis**

Movants seek relief under Federal Rule of Civil Procedure 59(e). Additionally, to the extent that such modifications relate to a clerical error, Movants seek relief pursuant to Federal Rule of Civil Procedure 60(a). However, Federal Rule of Civil Procedure 60(a) is not applicable as the requested modifications go beyond merely correcting a "clerical mistake or a mistake arising from oversight or omission" and instead seek to alter the substantive rights of the parties. *See United States v. Stuart*, 392 F.2d 60, 62 (3d Cir. 1968) (stating that "Rule 60(a) is concerned primarily with mistakes which do not really attack the party's fundamental right to the judgment at the time it was entered.").

In the instant motion, Movants do not allege an intervening change in the controlling law, the availability of new evidence, or the need to correct a clear error of law. Rather, Movants sole contention is that the Confirmation Order does not mirror the Confirmation Opinion, and that a manifest injustice may incur if a court in subsequent litigation concludes that "confirmation of the Fourth Amended Plan impaired FFIC's contractual rights and relieved Reorganized Debtors of the their corresponding contractual obligations under the FFIC Policies." However, the arguments proffered by the Movants in support of the modifications are identical to FFIC's objections to confirmation.

Concerning the Movants' request that the Confirmation Order be modified and/or clarified to explicitly provide that the FFIC Policies will vest unmodified in the Reorganized Debtors on the Effective Date, this Court's Confirmation Opinion provides that "on the Effective Date, the Debtors' rights in the FFIC Policies will vest in the Reorganized Debtors pursuant to Section 10.1 of the Plan and 11 U.S.C. §§ 1123(a)(5)(A) and 1141(b)." Movants' motion papers acknowledge in a footnote

that "[w]hile the FFIC Policies would arguably vest with the Reorganized Debtors pursuant to Section VII of the Confirmation Order, that section makes clear that the FFIC Policies would vest in the Reorganized Debtors free and clear of all Claims, Demands, Interests, Liens and Encumbrances . . . this provision cannot effectuate the vesting of the FFIC Policies in Reorganized Debtors . . . because it would result in the discharge of Debtors' corresponding contractual obligations under the FFIC Policies." (Motion at 10, n.9).

Movants' contention that the discharge provisions of the Confirmation Order would discharge Debtors of their reciprocal contractual obligations under the FFIC Policies, has already been heard, and addressed, by the Court. In a letter to the Court dated February 11, 2009, FFIC argued that "under the discharge and injunction provisions in the Fourth Amended Plan, FFIC would face a significant risk that FFIC's contractual rights, as well as Debtor's corresponding contractual obligations, would be discharged if the Fourth Amended Plan is confirmed." The Court specifically rejected these arguments in the Confirmation Opinion by stating that "[w]hile FFIC has argued that 'these most recent modifications do not alleviate the possibility that FFIC will be compelled to provide coverage under the FFIC Policies, even if Debtors are relieved of their corresponding contractual obligations through the discharge and injunction provisions in the Fourth Amended Plan, from which FFIC is not adequately excluded,' FFIC retains the right to argue that the Debtors breached the terms of the FFIC Policies." (Confirmation Opinion at 49).

Concerning Movants' request for inclusion of language regarding the insurance neutrality of the Plan, FFIC's February 11, 2009 letter also stated that "absent the inclusion of appropriate insurance neutrality language, FFIC's objections to the Fourth Amended Plan have still not been completely resolved." The Confirmation Opinion clearly rejected this argument by providing that

11

"FFIC will not be prejudiced by confirmation since it will be placed back into the identical position existing prior to the commencement of the Debtors' Chapter 11 cases.*"* (Confirmation Opinion at 49.)

Concerning Movants' request for clarification of the sentence in the Confirmation Opinion that "the Debtors' coverage under the FFIC Policies will remain in place, unaffected by the Plan," this sentence simply refers to Debtors' February 4, 2009 modifications to the Plan, and does not appear in the Confirmation Order. As the Confirmation Opinion clearly provides "FFIC retains the right to argue that the Debtors breached the terms of the FFIC Policies," there is no danger that the above referenced sentence may be construed to suggest that coverage is or will be available to Debtors and/or that nothing has happened since the commencement of the bankruptcy cases which may affect coverage under the FFIC Policies. Additionally, Movants' motion papers acknowledge in a footnote that "[i]nsurance coverage actions are state law issues that cannot be finally adjudicated by bankruptcy courts as they are not Core proceedings . . .[and] even if coverage issues can be litigated in a bankruptcy case such would have to occur in the context of an adversary proceeding under Federal Rules of Bankruptcy Procedure 7001, *et seq*., and not in a contested matter under Federal Rule of Bankruptcy Procedure 9014 such as a confirmation hearing. ((Motion at 19, n.16) (citing *In re United States Bass Corp.*, 110 F.3d 1261, 1268 (7th Cir. 1997)). Therefore, the proposed modification is not necessary to prevent a manifest injustice.

Lastly, concerning Movants' request for clarification of Section VIII of the Confirmation Order, Section VIII currently provides:

> Based upon the record of these Reorganization Cases, the Court hereby determines that all of the objections to Confirmation, whether informal or filed (the "Objections"), to the extent not satisfied by the

> Modifications or by separate agreement, have been consensually resolved or otherwise voluntarily withdrawn except for the objection filed by Fireman's Fund Insurance Company, which objection is hereby overruled.

In the course of confirming the Plan, the Court considered all of FFIC's submissions, and for the reasons specified in the Confirmation Opinion, overruled FFIC's objections after concluding that FFIC lacked standing to object to confirmation.

For all these reasons, the Court is satisfied that the plain terms of the Confirmation Order are clear, and the proposed amendments to the Confirmation Order are not required to prevent a manifest injustice. Therefore, the Court concludes that Movants have failed to meet the heavy burden necessary to alter or amend a judgment under Federal Rule of Civil Procedure 59(e). Movants simply disagree with the outcome of the Confirmation Opinion, which is not the proper subject matter for a motion for reconsideration. *See G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990) (stating that reconsideration not available for mere re-argument of matters addressed by the Court).

### III.  CONCLUSION

For the foregoing reasons, the Motion of Fireman's Fund Insurance Company ("FFIC") and The American Insurance Company is denied.  An appropriate form of Order accompanies this Opinion.

Dated: May 15, 2009

                                                              s/ Garrett E. Brown, Jr.
                                                  GARRETT E. BROWN, JR., U.S.D.J.